Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| CONFIA PUERTO RICO, LLC<br><br>Peticionaria<br><br>v.<br><br>TEAM MARINE CORPORATION Y OTROS<br><br>Recurrida | TA2026CE00651 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2024CV11794<br><br>Sobre:<br>Incumplimiento de Contrato |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Mateu Meléndez, Jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de junio de 2026.

El 21 de mayo de 2026, Confía Puerto Rico LLC (Confía o parte peticionaria) acudió ante este Tribunal de Apelaciones e instó una *Solicitud de Certiorari*. En esta, nos solicitó la revisión y revocación de la *Orden* dictada el día 26 de marzo de 2026, notificada el día 27, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario). Por virtud del aludido dictamen, y de conformidad con lo dispuesto por la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R.33, el foro primario dio por admitidos los requerimientos de admisiones que Team Marine Corp (Team Marine o parte recurrida) le hubiera notificado como parte del descubrimiento de prueba en el caso.

Por los fundamentos expuestos a continuación, y al amparo de la normativa vigente que hoy citamos, denegamos la expedición del auto de *certiorari* solicitado por la parte peticionaria.

-I-

A continuación, exponemos los hechos más importantes relacionados a la controversia traída ante nuestra atención por la parte peticionaria.

El 30 de diciembre de 2024, Confía interpuso una acción por incumplimiento de contrato y daños y perjuicios contra Team Marine, una corporación que hace negocios como concesionario y distribuidor de botes.[1] En síntesis, allí planteó que Team Marine incumplió con sus obligaciones contractuales, de forma deliberada y de mala fe, al no entregar la embarcación Sea Fox 32, modelo 2020, libre de todo gravamen. Así pues, reclamó el pago de $17,945.63 por la pérdida económica que le generó el renunciar a una opción de compra pactada con anterioridad, y $35,891.26 por daños y perjuicios en virtud del artículo 1538 del Código Civil de Puerto Rico, más intereses legales y honorarios de abogado.

Tras varias instancias procesales, el 12 de febrero de 2026, Team Marine presentó *Contestación a Demanda*. Entre otros argumentos, afirmó que nunca existió un contrato que obligara a las partes, por lo que la única acción que procedía es una de responsabilidad precontractual, por lo que Confía podía reclamar únicamente los gastos realizados durante la etapa de negociación.[2]

En lo pertinente al presente recurso, el 25 de febrero de 2026, Team Marine instó *Moción al expediente judicial* en la que informó que, en ese día, le envió a la parte peticionaria un *Requerimiento de Admisiones* y un *Primer Interrogatorio*.[3] Igualmente, el 25 marzo de 2026, la parte recurrida presentó *Moción para que se tome conocimiento de admisiones*.[4] En esa dirección, invocó

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TPI, Entrada Núm. 1.

[2] SUMAC TPI, Entrada Núm. 40.

[3] *Íd.*, Entrada Núm. 46.

[4] *Íd.*, Entrada Núm. 58. Junto con la moción, se presentaron los siguientes anejos: Apéndice A; Apéndice B; Anejo A- Exhibit admitido como evidencia- Chat entre el Sr. Javier Aponte y Daniel Bittan autenticado; Anejo B- Exhibit admitido como evidencia- Mensaje enviado

que conforme a la Regla 33 de Procedimiento Civil, *supra*, el término de 20 días para contestar el referido requerimiento de admisiones venció el 17 de febrero de 2026 y la parte peticionaria notificó sus contestaciones el 18 de febrero de 2026, sin mediar solicitud de prórroga ni justificación. A tales efectos solicitó al Tribunal que diera por admitido cada requerimiento de admisiones.[5]

Por su parte, la parte peticionaria instó *Oposición a Moción para que se tome conocimiento de admisiones*, en la que invocó las Reglas 34.1 y 68.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1 y R. 68.3. Por un lado, sostuvo que Team Marine no realizó esfuerzos para resolver el asunto de la contestación al requerimiento de admisiones sin la intervención del Tribunal. También, adujo que la contestación se sometió un día tarde por un simple error de cómputo, ya que el mes de febrero consiste en 28 días. Insistió, lo anterior constituía justa causa para la notificación de la respuesta un día tarde. Valga destacar, en su moción, Confía solicitó, retroactivamente, una extensión de un día para contestar el requerimiento de admisiones. Además, destacó que dos de los requerimientos que Team Marine solicitaba se dieran por admitidos eran totalmente falsos y otros dos objetables e impertinentes.[6]

Así las cosas, el 26 de marzo de 2026, el TPI emitió la *Orden* recurrida, dando por admitidos los requerimientos de admisiones, a tenor con la Regla 33(a) de Procedimiento Civil, *supra*.[7] En ella dispuso que, en el caso de autos no se cumplió con el término de 20 días para notificar una contestación, conforme a lo dispuesto en la normativa antes citada, "por lo que los

---

por Javier Aponte Autenticado; Anejo C- Documento no fue firmado; Anejo D- Carta de Popular Admitida como Evidencia Autenticada.

[5] Advertimos que las fechas indicadas en la moción son incorrectas, pues al realizar el cálculo, notamos que, dado que el requerimiento de admisiones fue remitido el 25 de febrero de 2026, los 20 días que dispone la Regla 33 de Procedimiento Civil vencieron el 17 de **marzo** de 2026.

[6] *Íd.,* Entrada Núm. 61. Se presentó como Anejo la Respuesta a Requerimiento de Admisiones.

[7] *Íd.,* Entrada Núm. 66.

requerimientos de admisiones se tienen por admitidos de forma automática. No se requiere que se emita una orden a esos efectos".

Inconforme, Confía presentó *Moción de Reconsideración* el 27 de marzo de 2026. Allí argumentó que, dar por admitido el requerimiento número 4, en cuanto a que no se firmó el contrato de compraventa, equivale a eliminar su reclamación de incumplimiento de contrato, dando por admitido un hecho falso refutado por el récord.[8] De modo que, solicitó al TPI el retiro de la admisión o, en la alternativa, le concediera una extensión de un día para contestar el requerimiento.

Tras concederle término a la parte recurrida para presentar posición,[9] el 9 de abril de 2026, Team Marine compareció mediante *Cumplimiento de Orden*.[10] Además de esbozar la doctrina interpretativa en cuanto a los requerimientos de admisiones, y la Regla 33 de Procedimiento Civil, *supra*, insistió en que se debía esperar a que toda la prueba fuese evaluada y/o autenticada. Entonces, al momento de celebrar la conferencia con antelación a juicio, se podría evaluar si dar por aceptadas las admisiones ocasiona un grave perjuicio al demandante, al privarle de su día en corte.

Finalmente, el 27 de abril de 2026, el foro primario emitió *Resolución* en la que declaró No Ha Lugar la moción de reconsideración presentada por Confía.[11] Inconforme aun, el 21 de mayo de 2026, la parte peticionaria acude ante nos mediante el recurso de epígrafe y señala la comisión del siguiente error:

> EL TPI INCURRIÓ EN CRASO ABUSO DE DISCRECIÓN O ERROR MANIFIESTO DE DERECHO CUANDO TOMÓ CONOCIMIENTO JUDICIAL DE ADMISIONES TÁCITAS DE HECHOS QUE, A LA LUZ DE LA EVIDENCIA ADMISIBLE QUE OBRA EN EL EXPEDIENTE JUDICIAL, SON CONTRARIOS A LA REALIDAD FÁCTICA DEL CASO.

---

[8] *Íd.,* Entrada Núm. 71.
[9] *Íd.,* Entrada Núm. 76.
[10] *Íd.,* Entrada Núm. 79.
[11] *Íd.,* Entrada Núm. 83.

Habiéndosele concedido término a la parte recurrida para que presentara su posición sin que así lo hiciera, damos por sometido el asunto y procedemos a resolver sin el beneficio de su comparecencia.

**-II-**

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[12] Estos criterios, pautan el ejercicio sabio y prudente

---

[12] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

*B.*

La Regla 33 de Procedimiento Civil, *supra,* regula lo concerniente al Requerimiento de Admisiones. La misma, tiene el propósito de aligerar los procedimientos para definir y limitar la controversia del caso y proporcionar así un cuadro más claro sobre estas. Aunque esta herramienta no es propiamente un mecanismo de descubrimiento de prueba, mediante la misma se pueden "admisiones que pueden usualmente evadirse al contestar las alegaciones o interrogatorios o las preguntas formuladas en el curso de una deposición". *Audiovisual Lang. V. Sist Est. Natal Hnos.*, 144 DPR 563 (1997).

Según establece la discutida regla, una parte podrá requerir por escrito a cualquier otra que admita la veracidad de cualesquiera materias que esté dentro del alcance de la Regla 23.1 de Procedimiento Civil, *supra*. De igual forma, y en lo concerniente, esta indica que cada materia sobre la cual se requiera una admisión deberá formularse por separado y estas se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante una moción, la parte a quien se le notifique el requerimiento notifique su contestación bajo juramento o una objeción escrita sobre la materia.

A su vez, la Regla 33 de Procedimiento Civil, *supra,* informa el efecto que tiene la admisión de un hecho. En cuanto a ello, su inciso (b) establece lo siguiente:

> (b) Efecto de la admisión. Cualquier admisión hecha en conformidad con esta regla se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita el retiro o enmienda de la admisión. Sujeto a lo dispuesto en la Regla 37, que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, el tribunal podrá permitir el retiro o la enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o la enmienda afectará adversamente su reclamación o defensa. Cualquier admisión de una parte bajo estas reglas sólo surtirá

efecto a los fines del pleito pendiente y no constituirá una admisión de dicha parte para ningún otro fin ni podrá ser usada contra ella en ningún otro procedimiento.

Las disposiciones de la Regla 33, *supra,* son mandatorias, no meramente directivas. Ello requiere un cumplimiento sustancial con las mismas. No obstante, como ocurre con cualquier otra regla procesal, en su aplicación e interpretación no puede permitirse que consideraciones técnicas prevalezcan en detrimento de la justicia. Es por dicha razón que nuestro más alto foro en *Audiovisual Lang. v. Sist. Est. Natal Hnos. supra,* estableció que, en el ejercicio de su discreción, el tribunal deberá interpretar la regla de forma flexible para favorecer en los casos apropiados que el conflicto se dilucide en los méritos. Aun más, deberá de ejercer especial cuidado cuando se trate de una admisión tácita, o sea, por no haberse contestado el requerimiento dentro del término establecido para ello. *Íd.,* págs. 573-574.

**-III-**

Según arriba indicamos, en su señalamiento de error la peticionaria reclama que el foro primario se equivocó y abusó de su discreción al tomar conocimiento judicial de admisiones tácitas de hechos que, a la luz de la evidencia admisible que obra en el expediente judicial, son contrarios a la realidad fáctica del caso. Argumentó, que de lo contrario se le brindaría la oportunidad a Team Marine de utilizar la admisión del supuesto hecho para fundamentar una solicitud de sentencia sumaria en cuanto a la acción contractual.

Examinados tales planteamientos, tras un cuidadoso estudio del expediente judicial, resolvemos no intervenir con la *Orden* recurrida. No nos parece que la determinación cuya revocación nos solicita la peticionaria sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad, ni abuso de discreción por parte del TPI o que la expedición del auto evite el fracaso de la justicia, mereciendo, pues, nuestro respeto. Al final de

cuentas, la admisión tácita de los requerimientos en esta etapa de los procedimientos no prejuzga la apreciación de la prueba que en su día el TPI efectúe de la evidencia que consta en el expediente judicial, así como de aquella a ser utilizada en el juicio.

Lo aquí resuelto, advertimos, no tiene efecto de juzgar o considerar en los méritos ninguna de las controversias de derecho planteadas por las partes, de modo que estas podrían ser planteadas nuevamente en una etapa posterior al juicio. Esto es así, ya que, como es sabido, una resolución denegatoria de un auto de *certiorari* ni implica posición alguna del Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso. La resolución denegatoria simplemente es indicio de la facultad discrecional del tribunal revisor de negarse a revisar en determinado momento una decisión emitida por el tribunal de instancia. *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 12 (2016) al citar a *SLG v. Pauneto Rivera*, 130 DPR 749, 755 (1992) y otros.

-IV-

Por todo lo antes consignado, denegamos expedir el auto de *certiorari* solicitado por Confía.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones